No. 6250.

ELIZABETH W. MITCHELL vs. ELIZA A. EAGAN.

A *bona fide* purchase of land from one having the recorded title will be good against a prior purchaser who had never recorded his title.

The word "file" with the date following, but no signature of an officer or mention of an office thereunder or thereabout, gives no indication where the paper was filed.

APPEAL from the District Court for Tangipahoa. KEMP, J.

*Bradley* and *Ellis* for Plaintiff Appellant. *Russell* for Defendant.

MANNING, C. J. This is a petitory action for the recovery of a lot and improvements in Amite. Both parties derive title from George W. Mitchell, former husband of the plaintiff.

The plaintiff had sued her husband for divorce in December, 1866, and obtained a judgment for separation from bed and board, and for separation of property in January, 1867, and a few days thereafter a partition was made between them of property, by which this lot was assigned to her. This was done by notarial act, and at the end of it, as transcribed in the record, are the words — "filed February 15, 1867" — no officer's name or other name being signed to it, nor any indication where it was thus filed.

But meanwhile she had instituted another suit for separation from bed and board in November, 1868, and had judgment the same month. Following close upon this, Mitchell sold the property to Everett April 22, 1869, and this sale was recorded on May 5th of same year. Everett conveyed to the defendant January 17, 1872, who went into possession, and has remained in possession ever since.

The plaintiff must fail in her action in any aspect of the case.

No clue is afforded to an explanation of the motive of the second suit for separation from bed and board, and we are therefore left to infer there was an intermediate reconciliation. If so, and the second judgment is the effective one, then the plaintiff's title is bad, because it is in January, 1867, while the decree of separation was not rendered until November, 1868.

If we adopt the other theory, and treat the second suit as superfluous, because there was already a decree of separation,

the plaintiff's title was not recorded before her husband sold to Everett.

In fact the record affords no evidence that it was recorded until October, 1871, when the recorder certifies that he on that day furnished a copy of the transcribed record.

The words " filed February 15, 1867, " shew nothing, as it does not appear from any officer's name added thereto in what office it was filed, or that it was filed anywhere. Nor was the document thus offered admissible in evidence, since it was not a copy of the original, but only a transcript from the recorder's book.

So far, then, as this record informs us, and we have had to examine it minutely to find out these particulars, Mitchell sold to Everett while there was still not recorded any conveyance which took the title out of him. There was a mortgage and vendor's lien resting upon the lot, Mitchell not having paid the purchase price in full, Everett assumed the payment of this residue as a part of the price of his purchase from Mitchell.

The lower court gave judgment in favor of the defendant on grounds different from these we have assigned.

*Judgment affirmed.*